**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                September 3, 2014

Courtroom Deputy:    Kathleen Finney
Court Reporter:      Tracy Weir
Probation Officer:   Michele Means

**Criminal Action No.   13-cr-00120-REB-3**

*Parties:*                                    *Counsel:*

UNITED STATES OF AMERICA,                     James Boma

    Plaintiff,

v.

3.  JORDAN RAY RYINES,                        Jeffrey Edelman
    a/k/a J Rock,

    Defendant.

**SENTENCING MINUTES**

**9:07 a.m.    Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and

addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Now pending before the court relevant to sentencing are the following papers:
- the defendant's **Notice of Filing Sentencing/Referral/Reference Letters** [#242] filed April 16, 2014;
- the government's **Motion to Dismiss Counts Five, Six, Seven, Nine and Ten of the Indictment with Prejudice as to this Defendant Only at the Conclusion of His Sentencing Hearing** [#249] filed May 21, 2014;
- the **Government's Motion for Sentencing Reduction under the Provisions of § 5K1.1 U.S. Sentencing Guidelines, and Title 18, United States Code, Section 3553(e)** [#250] filed May 21, 2014;
- the **Government's Motion for Defendant to Receive the Third Level for Acceptance of Responsibility under U.S.S.G. § 3E1.1(b)** [#251] filed May 21, 2014;
- the **Government's Motion for Defendant to Receive the Two Level Drug Quantity Offense Level Reduction** [#252] filed May 21, 2014;
- the defendant's **Motion to Adopt and Incorporate by Reference the Government's Motion for Defendant to Receive the Two Level Drug Quantity Offense Level Reduction (Docket #252) and Motion for Departure** [#260] filed June 2, 2014;
- the defendant's **Motion for Variance** [#261] filed June 2, 2014;
- the defendant's **Objection to Presentence Investigation Report** [#262] filed June 2, 2014;
- the **Government's Response in Oppostion [sic] to this Defendant's Motion for [A] Variance (Document Number 261)** [#263] filed June 3, 2014;
- the **Defendant's Corrected Motion for Variance** [#266] filed June 6, 2014;
- the defendant's **Notice of Filing Sentencing/Referral/Reference Letters** [#294] filed August 18, 2014; and
- the defendant's **Notice of Filing Sentencing/Referral/Reference Letters** [#303] filed September 2, 2014.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by Mervin Ryines, father of the defendant.

Statement by LaVieta Winters, mother of the defendant.

Statement by counsel for the government.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

> **IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:
   - the government's **Motion to Dismiss Counts Five, Six, Seven, Nine and Ten of the Indictment with Prejudice as to this Defendant Only at the Conclusion of His Sentencing Hearing** [#249] is **GRANTED**, and Counts 5, 6, 7, 9, and 10 of the indictment are **dismissed with prejudice** as to this defendant only;
   - the **Government's Motion for Sentencing Reduction under the Provisions of § 5K1.1 U.S. Sentencing Guidelines, and Title 18, United States Code, Section 3553(e)** [#250] is **GRANTED**;
   - the **Government's Motion for Defendant to Receive the Third Level for Acceptance of Responsibility under U.S.S.G. § 3E1.1(b)** [#251] is **GRANTED**;
   - the **Government's Motion for Defendant to Receive the Two Level Drug Quantity Offense Level Reduction** [#252] is **GRANTED**;
   - the defendant's **Motion to Adopt and Incorporate by Reference the Government's Motion for Defendant to Receive the Two Level Drug Quantity Offense Level Reduction (Docket #252) and Motion for Departure** [#260] is **GRANTED**;
   - the defendant's **Motion for Variance** [#261**] DENIED as moot**; and
   - the **Defendant's Corrected Motion for Variance** [#266] is **DENIED**.

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count One of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **forty-five and one-half (45 ½) months**;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the

    custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

   - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

   - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

   - the following explicit or special conditions of supervised release:

     - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

     - that the defendant shall not possess or use illegally controlled substances;

     - that the defendant shall not possess or use any firearm, destructive device, or dangerous weapon as defined under federal law at 18 U.S.C. § 921;

     - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

     - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

     - that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation/alcohol substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department

                    is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

7.     That no fine is imposed;

8.     That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

9.     That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

10.     That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c);

11.     That this court recommends that the Bureau of Prisons designate the defendant to a correctional institution in the State and District of Colorado, preferably to FCI Englewood; and the court recommends the Bureau of Prisons include the defendant in its RDAP program; and

12.     That the defendant is remanded to the custody of the United States Marshal.

Parties state they have no objections to the sentence imposed.

The defendant is advised of the right to appeal the sentence imposed by the court.

**9:54 a.m.**    **Court in recess.**

Total time in court: 00:47

Hearing concluded.